IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LANCE HELLIGE and TRISTA OETTLE, Individually and on Behalf of all Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20–cv-455-SMY |
| vs. | ) ) ) | |
| WAL-MART, INC. | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Lance Hellige and Trista Oettle filed this putative class action Illinois state court alleging breach of warranty claims against Defendant Walmart, Inc.  Walmart removed the case to this Court, asserting jurisdiction under the Class Action Fairness Act ("CAFA").  Plaintiffs now move to remand on the basis that jurisdiction under CAFA is lacking because Walmart has not shown the requisite amount in controversy (Doc. 10).  For the following reasons, the Motion is **DENIED**.

In the Complaint, Plaintiffs allege that Walmart's Balloon Time 9.5" Helium Tank fails to keep helium balloons inflated for a sufficiently long period of time (Doc. 1-1).  They assert that they have been damaged by having "paid for an unmerchantable and unfit product that would not last an entire day, and would further incur postage or travel costs in mailing the product to the Defendant…" *Id.* at ¶ 29.  Plaintiffs also allege that "on Walmart.com the product costs $23.88 as of February 12, 2020." *Id.* at ¶ 30.  Plaintiffs seek to represent a class of Illinois citizens and

residents that purchased the product from Walmart within the last four years and seek an award of "actual individual damages and a reasonable attorney's fee and cost of suit." *Id.* at p. 10.

Under CAFA, federal courts have diversity jurisdiction over class actions and putative class actions involving one hundred or more class members in which any member of the plaintiff class is a citizen of a state different from that of any defendant, and in which, after aggregating all claims of class members, an amount in excess of $5 million, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(2)(A), (d)(5)(B), (d)(6), (d)(8); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676-77 (7th Cir. 2006).

The removing party bears the burden of describing how the controversy exceeds the minimum amount required. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553-554 (2014). However, if the plaintiff contests the defendant's allegation, the proponent must prove those jurisdictional facts by a preponderance of the evidence. *Bloomberg v. Service Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011). "The removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they are given the plaintiff's actual demands...[t]he demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Brill*, 427 F.3d at 449 (emphasis in original). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Bloomberg*, 639 F.3d at 763. Once the removing party meets the above requirements, the court has jurisdiction unless the plaintiff can demonstrate those damages are legally impossible. *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014).

Here, regarding the amount in controversy, Plaintiffs assert that Walmart has not provided an exact dollar amount for product sales during the relevant period, that Walmart's tax calculation is speculative, and that Walmart's postage and travel costs should be disregarded because shipping is free.  Walmart submitted sworn declarations to support its allegation that the aggregate retail purchase price, taxes, and return postage and travel costs exceed the $5 million jurisdictional requirement (Docs. 1-4, 1-5, 1-6, 13-1, and 13-2).  According to those declarations, sales for the Balloon Time products totaled $4,182,949.15 during the relevant time period.  The net sales only accounts for the retail purchase price and excludes taxes and shipping.  Utilizing the combined state and average local sales tax rate for Illinois, Walmart calculated taxes in the amount of $379,811.78.  The postage cost for shipping the Balloon Time products back to Walmart is approximately $18.95 per cylinder for an estimated total of $3,445,394.25.  As to potential travel costs incurred by class members to return the product, Walmart estimates costs in the amount of $2,090,872 to return each product to a Walmart store.  Walmart's estimation is based on empirical data and IRS standard mileage rates.

Plaintiffs do not present any countervailing evidence of the amount in controversy.  *See Oshana*, 472 F.3d at 506 (where the plaintiff provides little information about the value of its claim, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence.").  As such, Walmart has shown it is more likely than not that the amount in controversy is satisfied.  Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 25, 2020**

**STACI M. YANDLE**
**United States District Judge**