## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LANCE HELLIGE, and** | ) | |
| **TRISTA OETTLE**, *individually and* | ) | |
| *on behalf of all others similarly* | ) | |
| *situated*, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 20-cv-455-DWD** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WAL-MART, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM & ORDER</u>

**DUGAN, District Judge:**

On February 26, 2020, Plaintiffs Lance Hellige and Trista Oettle filed this putative class action on behalf of a class of Illinois citizens and residents in Case No. 20-L-249 in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. Plaintiffs contend that Defendant Wal-Mart, Inc. sold helium tanks under the name "Balloon Time 9.5 Helium Tank" that were not merchantable or fit for their intended purpose because the tanks contain only 80% helium, leading balloons either to not float or to fall to the ground after only a handful of hours. Defendant timely removed the case to this Court on May 15, 2020, alleging diversity jurisdiction under the Class Action Fairness Act (CAFA). Plaintiffs moved to remand this action, and their motion was denied on June 25, 2020. (Doc. 16). By motion dated July 6, 2020, Plaintiffs ask the Court to reconsider whether the amount in controversy in this action is sufficient under CAFA. (Doc. 18).

Plaintiffs' motion to remand challenged the damage calculation in Defendant's notice of removal. The notice of removal alleged that during the class period of February 2016 through February 2020 Defendant had more than $4,000,000 in net retail sales of Balloon Time products. Defendant also alleged return postage in the amount of $3,448,900, and sales tax of approximately $260,800. (Doc. 1, p. 4-5). Plaintiffs argued that the Court should disregard the return postage because Defendant's website allowed customers to ship returns for free. Plaintiffs also challenged the approximated tax figures as mere estimates. Defendant responded that their proposed figures were appropriate because Plaintiffs' complaint sought postage and travel costs for return of the Balloon Time products. Defendant also supplemented its earlier allegations with additional declarations and calculations.

Plaintiffs filed a brief reply to Defendant's response. In the reply, Plaintiffs took issue with inclusion of a free shipping calculation offered by Defendant. Plaintiffs did not raise any additional challenges in their reply. The Court denied Plaintiffs' motion to remand, finding that Defendant's sworn declarations supported its allegations as to the amount in controversy in this action. The Court also found that Plaintiffs failed to present countervailing evidence to undermine Defendant's good-faith estimates. In asking the Court to correct its ruling, Plaintiffs now argue for the first time that Defendant's figures of sales in Illinois improperly include non-class members, namely individuals who purchased Balloon Time products in Illinois stores but are neither Illinois citizens nor Illinois residents.

Plaintiffs seek reconsideration under Federal Rule of Civil Procedure 59(e). The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry. The purpose of Rule 59(e) is to provide the district court with a means for correcting errors that may have "crept into the proceeding" while the district court still holds jurisdiction over the case. *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015) (internal quotations and citation omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

The Court generally considers motions to reconsider non-final orders under Rule 54(b), which allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment as justice requires. FED. R. CIV. PROC. 54(b). *See also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)(noting that any "order short of a final decree is subject to reopening at the discretion of the district judge."). Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)(internal quotations and citations omitted).

The standards applied under both Rule 59(e) and Rule 54(b) are virtually identical. As there is no allegation of newly discovered, previously unavailable evidence, the Court considers whether there has been a manifest error of law or of fact that must be corrected. "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(internal quotations and citation omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)(internal quotations and citation omitted).

A motion for reconsideration is not an appropriate vehicle for raising new arguments or theories that could have and should have been raised before the Court's challenged ruling. *See Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020) (examining reconsideration under Rule 59(e) and stating "courts will not address new arguments or evidence that the moving party could have raised before the decision issued."); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)("Reconsideration is not an appropriate forum for … arguing matters that could have been heard during the pendency of the previous motion."). Here, it bears note that Plaintiffs could have, and should have, raised their objections to Defendant's sales figures prior to the Court's ruling on the motion to remand. While reply briefs are disfavored under the Local Rules, Plaintiffs filed a reply to Defendant's response, and that reply failed to address the issue they now raise: that Defendant's sales figures and related

extrapolations include sales to non-class members. That failure alone warrants denial of the instant motion. In an abundance of caution, and because of the importance of confirming subject matter jurisdiction, the Court will also address the merits of Plaintiffs' motion to correct the order denying their motion to remand.

Federal courts have original jurisdiction over a putative class action (1) if any class member is a citizen of a state different from any defendant; (2) if there are at least 100 members in a proposed class of plaintiffs; and (3) if the aggregate amount in controversy exceeds the sum or value of $5,000,000 exclusive of costs and interest. *See* 28 U.S.C. § 1332(d). Plaintiffs' motion to remand conceded that there was minimal diversity of citizenship and at least 100 class members, but they challenged, as they do in their motion for reconsideration, whether the amount in controversy exceeds $5,000,000. (Doc. 10).

A defendant's notice of removal must include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, but, when a plaintiff contests the allegation, evidence establishing that the threshold is met is required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)(citing 28 U.S.C. § 1446(c)(2)(B)). If a plaintiff challenges the defendant's allegation, the district court must find by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Blomberg v. Service Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011); *see also Dart Cherokee*, 135 S.Ct. at 554 n.1 (applying § 1446(c)(2) to a removal under § 1332(d)(2) even though only § 1332(a) is listed in the statute). The removing party's burden becomes showing "not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands." *Brill v. Countrywide Homes Loans, Inc.*, 427 F.3d 446, 449

(7th Cir. 2005)(alteration in original). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.*

Defendant's declarations stated that sales in Illinois stores for the Balloon Time products totaled $4,182,949.15, excluding taxes and shipping. Wal-Mart extrapolated that that it collected taxes in the amount of $379,811.78 on those purchases and that the postage costs tied to returning the products are approximately $3,445,394.25. Wal-Mart also included potential travel costs incurred by class members to return the products in the amount of $2,090,872.00. Taken together, these figures far exceed the jurisdictional threshold.

The issue arises, according to Plaintiffs, because the proposed class includes Illinois citizens and residents who purchased Balloon Time helium tank products from Wal-Mart. Plaintiff argues that the Court erred in accepting Defendant's figures as a good faith estimate because the order failed to consider that the figures assume that all sales in Illinois were made to class members. Upon review, Plaintiffs' complaint seeks damages including, but not limited to, the amount paid for the helium tanks and the postage or travels costs to return the products. (Doc. 1-2, p. 20-21). Wal-Mart submitted sworn declarations providing good-faith estimates of these damages.

Once a removing party provides evidence in support of their allegation, then this Court has jurisdiction "unless it is legally impossible for the plaintiff to recover that much." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)(citations omitted). As with their reply brief, Plaintiffs' request for reconsideration does not establish that there is an impossibility for recovery in the amount put forth by Walmart. Instead, Plaintiff points

out that the damage calculations at the close of this case have the potential to be below the jurisdictional threshold due to the chance that some purchases in Illinois stores were not made by class members. Uncertainty about a future damage award, however, does not render the Court's reliance on Defendant's estimates a wholesale disregard of fact or of the law applicable to determining the amount in controversy in a case seeking diversity jurisdiction under CAFA. *See id.* ("Uncertainty differs from impossibility, the standard … adopted for determining whether a litigant's estimate of the stakes may be rejected."). Here, Plaintiffs' newly raised argument does not amount to a showing of impossibility. As a result, the Court's earlier order denying Plaintiffs' motion to remand stands.

## CONCLUSION

For the above-stated reasons, Plaintiffs' motion to correct the Court's order (Doc. 16) is **DENIED**.

**SO ORDERED.**

Dated: October 20, 2020

_____
DAVID W. DUGAN
United States District Judge