IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRISTA OETTLE, *on behalf of herself and all others similarly situated*, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  Case No. 20-cv-455-DWD<br>) |
| WAL-MART, INC., | )<br>) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

In this putative class action, Plaintiff Triste Oettle alleges that a Balloon Time 9.5" helium tank sold by Defendant Wal-Mart, Inc. ("Walmart") is not of merchantable quality and is not fit for its intended purpose of inflating helium balloons so that they float for an appropriate period of time. This matter comes before the Court for purposes of docket control and on Plaintiff's motion to amend her complaint (Doc. 51). The proposed first amended complaint adds an Illinois Consumer Fraud and Deceptive Business Practices Act claim against a new party, Worthington Cylinder Corporation, and a claim brought pursuant to the Uniform Commercial Code against Walmart.

The operative complaint (Doc. 1-2) alleges that Walmart breached the implied warranty of merchantability, 810 ILCS 5/2-314, the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, and the implied warranty of fitness for a particular purpose, 810 ILCS 5/2-315, by selling the Balloon Time 9.5" Helium Tank. Balloons inflated by the

tanks allegedly fail to stay afloat for a sufficient period of time. The proposed amended complaint includes the two warranty claims and adds an Illinois Consumer Fraud and Deceptive Business Practices Act claim against a new party, Worthington, alleging that the packing of the helium tank indicates that it is "Made in the USA with global components," which interior, but not exterior, packaging makes clear includes balloons that are made in Malaysia. It also adds a revocation of acceptance claim against Walmart, pursuant to 810 ILCS 5/2-608(1)(b), through which Plaintiff seeks to revoke acceptance on behalf of herself and all others similarly situated for the substantial impairment of her first product purchase.

Federal Rule of Civil Procedure 15(a)(2) provides that leave of court is required to amend a pleading and that "[t]he court should freely give leave when justice so requires." Leave to amend can be denied if there is undue delay, bad faith, dilatory motive, undue prejudice, or futility. *See King v. Kramer*, 763 F.3d 635, 643-644 (7th Cir. 2014). Defendant argues that Plaintiff's request to amend is untimely, lacks new evidence, and would cause undue prejudice. The Court, however, notes that this case is still in its early stages, with the question of class certification outstanding, and finds that justice requires freely giving Plaintiff leave to amend at this time. As such, Plaintiff's motion to amend (Doc. 51) is **GRANTED** over Defendant's objections. In light of this ruling, the Court **DENIES without prejudice** as premature Defendant's motion for summary judgment (Doc. 50).

The Court notes that Plaintiff also has filed a placeholder motion to certify class (Doc. 54) and a motion to stay the motion to certify class (Doc. 55). The motion to stay explains that, pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), a

placeholder motion to certify class is necessary to prevent an offer of judgment or settlement offer that could moot Plaintiff's claims. Plaintiff asks that briefing and ruling on the motion be delayed until all class-related discovery is complete and, presumably, a more thorough motion to certify class can be filed. Defendant opposes the request to stay.

In reviewing Plaintiff's request, the Court notes that *Damasco* was overruled by the Seventh Circuit in *Chapman v. First Index, Inc.* 796 F.3d 783, 787 (7th Cir. 2015)("We overrule *Damasco* … and similar decisions to the extent they hold that a defendant's full offer of compensation moots the litigation or otherwise ends the Article III case or controversy."). After *Chapman* was decided, the Supreme Court similarly held that an unaccepted offer of judgment does not moot a plaintiff's complaint in a putative class action. *Campbell-Ewald v. Gomez*, 136 S.Ct. 663, 668-72 (2016). In light of the current state of the law related to unaccepted offers of judgment in putative class actions, the Court cannot discern the need for a placeholder motion at this time. *See also Laurens v. Volvo Cars of North America, LLC*, 868 F.3d 622 (7th Cir. 2017)(noting that attempts other than offers of judgment to moot a lawsuit through unaccepted settlement offers or payments likewise do not moot a putative class action). As Plaintiff's placeholder motion to certify class is unnecessary and undeveloped at this time, the Court **DENIES** it **without prejudice** and **FINDS as MOOT** the motion to stay briefing.

Finally, Plaintiff filed a motion to modify the discovery and class certification briefing deadlines on December 14, 2021. To date, Defendant has not objected to or responded in opposition to Plaintiff's motion. As such, the Court adopts Plaintiff's proposed discovery schedule and extends the deadline for filing a fully briefed motion

for class certification through March 15, 2022. Defendant's opposition thereto shall be filed no later than April 15, 2022.

## Conclusion

For the above-stated reasons, Plaintiff's motion to amend complaint (Doc. 51) is **GRANTED**. Plaintiff shall file her amended complaint by **January 18, 2022**. Defendant's motion for summary judgment (Doc. 50) is **DENIED without prejudice** as premature. Plaintiff's motion for class certification (Doc. 54) is **DENIED without prejudice** with leave to refile, and the motion to stay briefing (Doc. 55) is **MOOT**. Plaintiff's motion to modify deadlines (Doc. 65) is **GRANTED**. The Court adopts Plaintiff's proposed discovery deadlines and extends the deadline for filing a motion for class certification through March 15, 2022. Defendant shall respond to Plaintiff's motion for class certification no later than April 15, 2022.

**So Ordered**

**Dated**: January 10, 2022

_____
David W. Dugan
United States District Judge